## Rip Johnson v. The State.

### No. 2687.   Decided December 11, 1902.

**1.—Continuance.**

Where a motion for continuance has been controverted by contesting affidavits which show that the absent witness would not have testified as stated in the application, or if he had done so his testimony would not be probably true, and that the same would not have had any effect upon the jury, the continuance was properly refused.

**2.—Examination of Juror on Voir Dire—Conscientious Scruples.**

In the examination of jurors on their voir dire, in a murder case, it is proper to ask them if they have any conscientious scruples in regard to inflicting the death penalty in cases depending wholly upon circumstantial evidence.

**3.—Murder—Confession.**

On a trial for murder where it appeared that, after defendant had been duly warned by the sheriff, he made a confession to the sheriff and two other parties a short time after his arrest, in a stable to which they had taken him, in which confession he gave a detailed account of how he committed the homicide; told them where deceased's clothing and pistol would be found; and it was objected that the confession was not free and voluntary, because defendant was afraid of a mob, and because one of the parties to whom the confession was made told him he would be better off if he told the truth, and that it would save his neck if he would plead guilty; all of which occurred after the warning;  Held, the confession was admissible in view of the fact that the clothing, etc., of deceased were found in pursuance of said confession.

**4.—Same.**

A confession is admissible in evidence regardless of any warning, where the facts and circumstances going to establish defendant's guilt were found to be true by virtue of his confession and statements.

**5.—Murder—Evidence—Clothing of Deceased.**

On a trial for murder it is admissible to put in evidence articles of clothing worn by deceased at the time of the homicide.

**6.—Same—Express Malice.**

On a trial for murder charged by the indictment to have been committed with malice aforethought, a charge on express malice is responsive and authorized.

**7.—Murder in Perpetration of Robbery—Charge.**

On a trial for murder, where the proof authorized it, the court did not err in instructing the jury that a murder committed in the perpetration of robbery was murder in the first degree. This is statutory.

**8.—Same—Murder in Second Degree.**

On a trial for murder committed in the perpetration of robbery, a charge of court upon murder in the second degree is to the benefit and advantage of defendant, and he can not be heard to complain of such charge.

**9.—Murder in First Degree—Evidence Sufficient.**
 See opinion for evidence concisely summed up, held amply sufficient to support a judgment of conviction of murder in the first degree inflicting the death penalty.

Appeal ·from the District Court of Walker. Tried below before Hon. J. M. Smither.

Appeal from a conviction of murder in the first degree; penalty, death.

The indictment charged appellant with the murder of Mose Washington, on the 24th day of July, 1902, by shooting him with a pistol and striking him with a stick.

The essential facts are concisely stated in the opinion.

*W. A. Leigh* and *A. T. McKinney,* for appellant.

*Rob't A. John,* Assistant Attorney-General, for the State.

HENDERSON, JUDGE.—Appellant was convicted of murder in the first degree, and his punishment assessed at death.

Appellant's first bill of exceptions questions the action of the court overruling his motion for continuance, and in refusing a new trial based thereon. The motion for continuance was based on the absence of one John Mills. If it be conceded that the diligence shown to have been used for the procurement of said witness was sufficient, we do not believe, from the contesting affidavits, the witness would have testified as alleged by appellant; or, if he had done so, it was probably true, or that the same would have had any effect upon the jury. Appellant claims that he desired the attendance of said witness in order to prove threats made against him by the deceased, Mose Washington, on the day of the alleged homicide. The State contested the motion and filed a number of affidavits in connection therewith. These affidavits were made by a number of witnesses, and show that John Mills, the alleged witness, was not at Oakhurst, where the alleged threats were said to have been made, or in Walker County at the time appellant says they were made. Some of them also show that, if the threats could have been made, appellant and deceased were seen associating together afterwards on terms of friendship. So it does not occur to us that the court committed any error in overruling the application for continuance.

Appellant also excepted to the action of the court permitting State's counsel, in examining certain of the jurors on their voir dire, to ask them if they had any conscientious scruples in regard to the infliction of the death penalty for crime in cases depending wholly upon circumstantial evidence. The said jurors answered in the negative. This was ·objected to because it was not a statutory question. It·has been held in a number of cases that this was a proper question. Shafer v. State, 7 Texas Crim. App., 239; Clanton v. State, 13 Texas Crim. App., 139; Little v. State, 39 Texas Crim. Rep., 654.

Appellant objected to the confession introduced by the State through the witnesses Palmer, Brooks and Elkins; the grounds of his objection being that, under the circumstances as stated in the bill, said confessions were not free and voluntary; that among other things, witness Palmer told him that he would be better off if he would tell the truth, and that it would save his neck if he would plead guilty; that appellant was excited and said he wanted to tell him something, but was afraid. This occurred after he had been warned by the sheriff, Brooks. Before he made any statement, he said that he was afraid they might treat him like Alf Watson was treated. Alf Watson was hung by a mob. This occurred a short time after appellant's arrest, at Doge, where quite a crowd had gathered, and the parties to whom he made the confession took him out to a stable near by. In connection with the statement, it may also be observed that appellant gave a detailed account of how he committed the homicide. When the body of deceased was found, his coat and hat and some other articles of clothing were missing, and his watch and pistol were not found on him. The body of deceased was found near the Cold Springs and Huntsville road, in a deep gully, and his body was bruised as if struck or beaten with some stick or club, and several shot holes were found in his head. In connection with appellant's statement or confession, he told the officers the clothing and other articles could be found in the woods some 50 or 100 yards from the body. He also told them where the pistol would be found with which he shot deceased, stating that it was deceased's pistol. The circumstances relating to the homicide as detailed by him were that he and deceased were going along the road together, and went out from the road a short distance and sat on a log; that there he struck deceased with a heavy stick that he had, knocking him down and broke his arm, rendering him helpless, and then took his (deceased's) pistol from his pocket and shot him with it; that he then robbed him of $5.80 in money and threw him in the gully, taking the wearing apparel of deceased and other articles and placed them where they were subsequently found in pursuance of said confession. The confession was admissible under the warning given. Grimsinger v. State, ante, p. 1; Ransom v. State, decided at the present term. In addition to this, the confession was admissible regardless of the warning, because of facts and circumstances which conduced to establish his guilt and which were found to be true by virtue of his statement. Spearman v. State, 34 Texas Crim. Rep., 279; Parker v. State, 40 Texas Crim. Rep., 119. And for further authorities, see section 1034, White's Ann. C. C. P. There was no error in the action of the court admitting in evidence the garments worn by deceased. The objections in this bill do not disclose any facts in connection with the admission of said clothing that could prove hurtful to appellant, and the grounds of objection stated were not sufficient. Aside from this view, however, articles of clothing worn by deceased at the time of the homicide have been held to be admissible. Hart v. State, 15 Texas Crim. App., 202; Mitchell v. State, 38 Texas Crim.

Rep., 170; Kidwell v. State, 35 Texas Crim. Rep., 264; Gregory v. State, 43 S. W. Rep., 1017.

Appellant objects in the motion for new trial to certain charges of the court. He objects to the charge of the court on express malice. The indictment charged a homicide of his malice aforethought, and this authorizes a charge responsive thereto on express malice. Evidently the charge was not only authorized, but was required under the proof.

The court also charged on murder committed in the perpetration of robbery, and instructed the jury that murder committed under such circumstances was murder in the first degree. This is made so by the statute, and under the proof the court was authorized to give this instruction. The court gave a charge on murder in the second degree, on implied malice. Under the evidence we think the court could have well refused an instruction of this character; certainly it was one of which appellant could not complain. The statute makes all murder, whether upon express or implied malice, when committed in the perpetration of robbery, murder in the first degree. However, the court saw fit to give defendant the benefit of a charge of murder in the second degree. This was to his advantage, and in our opinion he can not complain of this.

The evidence shows that appellant, actuated by the motive of robbery, struck down and killed deceased, who at the time was not suspecting the cruel fate in store for him. After he killed him he robbed him of the pitiful sum of $5.80, and then threw his body in a ditch or gully; took from deceased certain articles of clothing, his watch and pistol, and concealed them. We do not believe, considering the facts of this case, that the verdict of the jury was excessive. On the contrary the evidence shows that the jury were fully warranted in affixing the highest penalty known to the law. No error appearing in the record, the judgment is affirmed.

*Affirmed.*