## ARTHUR JETTY v. THE STATE.

### No. 6407.    Decided November 30, 1921.

**1.—Murder—Sufficiency of the Evidence.**

Where, upon trial of murder and a conviction of manslaughter, the evidence sustained the conviction, there was no reversible error.

**2.—Same—Continuance—Postponement—Practice in Trial Court.**

Where defendant filed a motion to withdraw his announcement and continue the case on account of the condition of one of his witnesses whom he averred was a drug addict, but the record showed that the case did not go to the jury until three days thereafter, and there was no showing that the witness was still incapacitated to testify, the application was properly overruled. Following Sweeney v. State, 59 Texas Crim. Rep., 373.

**3.—Same—Bill of Exceptions—Practice on Appeal.**

Where the bill of exceptions consisted entirely of questions and answers and rulings of the court, same could not be considered on appeal; besides, there was no reversible error when the bills were considered, and all were defective in not complying with the rules for bills of exception.

4.—Same—Insanity—Charge of Court.

Where, upon trial of murder and a conviction of manslaughter, defendant objected to the court's charge on insanity on the ground that it was merely an abstract statement of the law, etc., but the record showed that the court's charge on insanity was in approved form, there was no reversible error.

5.—Same—Charge of Court—Self-Defense—Right to Arm Himself.

Where, upon trial of murder and a conviction of manslaughter, the court's charge in no way restricted defendant's right of self-defense, there was no error in refusing a requested charge on defendant's right to arm himself, etc.

6.—Same—Conduct of District Attorney—Practice on Appeal.

Where, during the cross-examination of defendant's witness, who was a character witness, the district attorney on cross-examination remarked that the State wanted to show that defendant was not virtuous, and it did not appear from the record whether the defendant's reputation had been placed in issue, there was no reversible error.

Appeal from the Criminal District Court of Dallas. Tried below before the Honorable Robert B. Seay.

Appeal from a conviction of manslaughter; penalty, five years imprisonment in the penitentiary.

The opinion states the case.

No brief on file for appellant.

*R. G. Storey,* Assistant Attorney General, for the State.

HAWKINS, JUDGE.—Appellant was charged with the murder of his wife. Conviction for manslaughter followed, with punishment assessed at five years in the penitentiary.

We do not regard it as necessary to set the testimony out at length. Appellant's marriage seems to have been one of those hurried and unfortunate unions entered into a few months before he sailed for France with the American Expeditionary Forces. During his absence and after his return his wife's conduct was not of an exemplary character. The evidence is amply sufficient to support the verdict.

The case went to trial on January 17th. On the next day appellant filed a motion to withdraw his announcement and continue the case on account of the condition of one of his witnesses, Mrs. Etta Winrod. Said witness is averred to have been a "drug-addict." That on the night of January 17th when counsel attempted to converse with her she was under the influence of morphine, opiates and drugs, and was unable to remember facts or relate them in detail. There is no averment in the motion that witness was not in the same condition when the trial was begun. The application is for continuance. It is deficient in that it wholly fails to state that there was no reasonable expectation of procuring the attendance and testimony of such witness during the term of court then in session by a postponement to a fu-

ture day thereof. The case did not go to the jury until January 20th. There is no showing that witness was still incapacitated to testify at that time. Sweeney v. State, 59 Texas Crim. Rep., 373.

Bills of exceptions Nos. 2, 3 and 4 consist entirely of questions and answers, and rulings of the court. We wish again to express our disapproval of bills in this form. They do not comply with the requirements. See Vernon's C. C. P., page 537, note 21. It may sometime be necessary for the trial judge to direct the incorporation of questions and answers for the aid of this court, but in the first instance they should not be presented in this form. In so far as we have been able to discover from the bills in their present condition no reversible error is shown. One is apparently complaining that upon re-direct examination of a witness the district attorney framed his questions assuming that deceased's brains had been beaten out. The bill nowhere states that this had not been shown. Another recites that while a witness was testifying she was asked: "Did you ever hear her talk to him about the criminal records of his brother?" The bill is silent as to whom reference is made. The fourth bill presents objections to an officer testifying what statements were made to him by appellant. We think same were admissible. Appellant was not under arrest at the time. Bill No. 5 is incomplete and shows no answer of the witness. If the question itself is excepted to, sufficient information is not given in the bill to enable this court to appraise the claimed harmful effect.

The charge on insanity was excepted to on the ground that it was merely an abstract statement of the law, and did not apply nor attempt to apply the law to the facts. An examination of the charge given reveals it to be one so frequently approved by this court, not only in its general terms, but in the application as well, that we deem it unnecessary to set it out, or cite authorities in support of it. It, therefore, follows that the court committed no error in refusing the special charge on the same subject.

Two special charges were requested to the effect that if appellant expected to find some other man in his wife's room, and anticipated an attack from him, appellant had a right to arm himself with a pistol before going there. The court in no way restricted appellant's right of self-defense, and therefore, no necessity existed for such instructions to be given. (See cases cited in Branch's Ann. P. C., section 1950, page 1091.)

We gather from Bill of Exceptions No. 9 that during the cross-examination of the witness Flippen, who was a character witness for accused, the district attorney remarked that the State "wanted to show that appellant was not virtuous." Whether this trait of character had, or had not, been put in issue by appellant, is not shown by the bill. Nothing is stated from which we may know that in some way the suggestion was not pertinent. No evidence upon that issue is shown by the bill to have been introduced, but the expression by the prosecution

of a desire to offer it, is the matter to which exception is taken. We cannot determine whether an error was committed.

Finding no errors in the record which would require a reversal, the judgment of the trial court is affirmed.

*Affirmed.*