### JETTIE SMITH v. THE STATE.

No. 7778.    Decided June 6, 1923.

Rehearing denied October 31, 1923.

**1.—Cattle Theft—Bills of Exception—Question and Answer Form.**

Where the bills of exception are in question and answer form and contain no statement of the trial judge showing that it is his opinion that the questions and answers are necessary in order to elucidate an issue involved, etc., the same cannot be considered on appeal. Following Jetty v. State, 90 Texas Crim. Rep., 346, and other cases.

**2.—Same—Sufficiency of the Evidence.**

Where, upon trial of theft of cattle, the evidence was sufficient to support the conviction, there is no reversible error.

**3.—Same—Rehearing—Practice on Appeal.**

A re-examination of bills of exception confirm the view of the court that they present no exception to the rule against such practice.

Appeal from the District Court of Polk. Tried below before the Honorable J. L. Manry.

Appeal from a conviction of theft of cattle; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*J. J. Collins* for appellant.

*R. G. Storey,* Assistant Attorney General, for the State. Cited, cases in opinion.

LATTIMORE, JUDGE.—Appellant was convicted in the District Court of Polk County of cattle theft, and his punishment fixed at two years in the penitentiary.

Our Assistant Attorney General moves to strike out appellant's bills of exception because in question and answer form. Art. 846 of our Code of Criminal Procedure contains the following:

"Provided, that such stenographer's report when carried into the statement of facts or bills of exception, shall be condensed so as not to contain the questions and answers, except where, in the opinion of the judge, such questions and answers may be necessary in order to elucidate the fact or question involved."

The bills of exception in the instant case are in question and answer form and contain no statement of the trial judge, as indicated in the portion of the statute above quoted, showing that it is the opinion of the trial court that the questions and answers are necessary to be set out in the bill of exceptions in order to elucidate the issue involved, nor is there anything to lead us to such conclusion. Under the holdings of this court bills of exception in question and answer form will not be considered. Jetty v. State, 90 Texas Crim. Rep., 346, 235 S. W. Rep., 589; Rylee v. State, 90 Texas Crim. Rep., 482, 236 S. W. Rep., 744; Romez v. State, 93 Texas Crim. Rep., 92, 245 S. W. Rep., 914. The motion of the Assistant Attorney General must be granted.

Examining the statement of facts, the sufficiency of the evidence being the only question remaining, we observe that, according to the State's case as made out by its witnesses, appellant sold to one Vinson a yearling which belonged to the prosecuting witness. If he did so, it is without dispute that this was without the authority or consent of the owner of said yearling. Appellant denies having appropriated the yearling in question or having sold the same to Vinson. By his witnesses he attacks the reputation of Vinson. These are all matters for the jury and have been solved by them adversely to appellant's contention. Looking to the State's case, it presents testimony amply sufficient to support the conviction.

Finding no error in the record, the judgment will be affirmed.

*Affirmed.*

ON REHEARING.

October 31, 1923.

HAWKINS, JUDGE.—In his motion for rehearing appellant presents a long explanation why his bill of exception number three was presented in question and answer form and a persuasive argument that this court should consider it. A re-examination of the bill confirms our view that it presents no exception to the rule against such practice. The explanation of the learned trial judge to the bill would show no error in his ruling upon the matter complained of if it should be considered.

The motion for rehearing is overruled.

*Overruled.*