J. H. Hanson v. The State.

No. 7529. Decided October 31, 1923.

Rehearing denied December 5, 1923.

1.—Manufacturing Intoxicating Liquor—Sufficiency of the Evidence.

Where, upon trial of unlawfully manufacturing intoxicating liquor, the evidence is sufficient to support the conviction, there is no reversible error.

2.—Same—Bills of Exception—Practice on Appeal.

Where the bills of exception are in question and answer form, they cannot be considered on appeal. Following Rylee v. State, 236 S. W. Rep., 744.

3.—Same—Requested Charges—Practice on Appeal.

In the absence of any exceptions to the refusal of the requested charges, the same cannot be considered on appeal.

4.—Same—Rehearing—Bill of Exceptions—Question and Answer.

When it becomes necessary to embody in a bill of exceptions the questions and answers, the same must be accompanied by a statement of the trial judge that it is for the purpose of elucidating the facts and questions set forth in the bill of exceptions, etc., and where nothing of that kind appeared the same cannot be considered on appeal.

5.—Same—Charge of Court.

Where the testimony of two witnesses for the State showed that they were present near the place where the whisky was being manufactured, etc., and that when they arrested defendant he made no sort of claim that he had come to the still with a lunch for some other parties, and had no connection with the whisky in question, but told the officers that they had caught him, etc., there was no error in the court's charge on this phase of the case.

Appeal from the District Court of Stephens. Tried below before the Honorable C. O. Hamlin.

Appeal from a conviction of manufacturing intoxicating liquor; penalty, three years imprisonment in the penitentiary.

The opinion states the case.

*V. L. Shurtleff*, for appellant.

*R. G. Storey*, Assistant Attorney General, for the State.

LATTIMORE, JUDGE.—From a conviction for the manufacture of intoxicating liquor with a penalty of three years, this appeal is brought.

The evidence amply supports the proposition that appellant was engaged in the manufacture of intoxicating liquor at the time alleged in the indictment and testified to by the witnesses.

There are but two bills of exception each of which is in question and answer form and the Assistant Attorney General objects to their consideration for this reason. The objection of the State is sustained. Rylee v. State, 90 Texas Crim. Rep., 452, 236 S. W. Rep., 744.

Appellant asked two special charges which were refused. Neither by a separate bill of exceptions nor by any notation appearing in connection with either of said charges is it made to appear that the action of the trial court in refusing the charges was excepted

to. If the refusal was satisfactory to the appellant at the time he can not complain now.

Finding no error in the record, an affirmance will be ordered.

*Affirmed.*

ON REHEARING.

December 5, 1923.

LATTIMORE, Judge.—It is urgently insisted that we should have considered appellant's bill of exceptions No. 4, even though in question and answer form, for the alleged reason that each of the matters inquired about was objectionable. We are not able to assent to the correctness of this contention. The second question asked appellant, and which appears in said bill, was as follows: "You were indicted last year in Stephens County for running a still?" to which the answer given by appellant was, "I was turned loose, too." Without discussing the other matters presented in said bill of exceptions, it is clear that this question was proper. The matter of objection to bills of exception in question and answer form, however, is referable to the statute itself. We have before called attention to the terms of Article 846 of our Code of Criminal Procedure which expressly provides that the stenographer's report of a criminal case when carried into the statement of facts or bills of exception shall be condensed so as not to contain the questions and answers except where in the opinion of the judge such questions and answers may be necessary in order to elucidate the fact or question involved. We again observe that when it becomes necessary to embody in a bill of exceptions the questions and answers, same must be accompanied by a statement of the trial judge that it is for the purpose of making clear or elucidating the facts or questions set forth in such bill of exceptions, or the issue or question involved in same. Nothing of that kind appears in bill of exceptions No. 4 herein.

Appellant further complains of that portion of the charge of the court which reads as follows:

"You are further charged that if you find from the evidence that the defendant took some dinner to be delivered to two strangers at the still at which he was afterward arrested, and that the defendant had no interest in said still or in the manufacture of spirituous liquor or whiskey at said still, you will acquit him."

It is insisted that appellant excepted to said charge of the court because it did not instruct the jury that if they had a reasonable doubt of said facts they should acquit; and also that appellant requested a special charge which was refused by the court in which 'the question of reasonable doubt was properly connected with said

facts. We have again reviewed this matter as it appears in the record. The exception presented to the charge of the court is as follows:

"That said charge submitted to the jury wherein the court submitted the defense of this defendant the court does not charge the jury that if they believed from the evidence that the defendant took some dinner to be delivered to two strangers at the still at which place he was afterwards arrested and that the defendant had no interest in said still or the manufacture of spirituous liquor or whiskey at said still, you will acquit him, but does not submit to the jury that if they have a reasonable doubt of the defense of the defendant they should acquit him.

"The court does not submit the negative of said proposition and does not charge the jury that if they have a reasonable doubt of the defendant delivering said dinner to two strangers at the still at the time he was arrested they should acquit the defendant and say by their verdict not guilty."

There were but two special charges presented by appellant, one relating solely to the question of circumstantial evidence, and the other being as follows:

"Gentlemen of the Jury: At the request of the defendant you are instructed that it you find from the evidence that the defendant took some dinner to be delivered to two strangers at the still at which he was afterwards arrested and that the defendant had no interest in said still or in the manufacture of spirituous liquor or whisky at said still, you will acquit him and unless you so find from the evidence beyond a reasonable doubt you will find the defendant not guilty and so say by your verdict."

Even a casual analysis of said special charge suffices to show that it was not correct and that it was properly refused. We make this statement in concession to appellant's urgent insistence in his motion for rehearing and notwithstanding the fact that there was no exception taken to the action of the court in refusing said special charge. That the exception to the main charge above quoted is likewise insufficient, is also apparent. The testimony of two witnesses for the State showed that they were present near the place where whisky was being manufactured not far from the premises of appellant, and that they watched him for some time as he caught and emptied the contents of the coil into larger receptacles. When they arrested him on the charge of manufacturing liquor he made no sort of claim to them that he had come to the still with lunch for some other parties and that he had no connection with the manufacture of the whisky in question. The officer testified that when he approached the defendant he said, "Well, we caught you," and the defendant said "Yes, I am in hard luck." There were seven bar-

96 T. C.—°.

rels of mash at the place where appellant was arrested and the still was in operation. The officers testified that they watched appellant about fifteen minutes during which time the whisky from the coil filled the fruit jar setting under the coil twice and appellant removed it and strained it through a funnel with some cotton in it into a milk can and put the fruit jar back under the coil.

We think ourselves correct in our original conclusion. The bills of exceptions were in question and answer form and can not be considered by us under the rules laid down in many cases. The refusal of the special charge was not excepted to either by any notation made thereon by the trial court or by bill of exceptions.

Appellant's motion for rehearing is overruled.

                                                              *Overruled.*