A. W. MORRIS v. THE STATE.

No. 7890.   Decided January 9, 1924.

Rehearing denied March 5, 1924.

1.—Possessing Intoxicating Liquor—Requested Charges—Bills of Exception.

Where none of the bills of exception appeared to present any principle applicable to the offense of possessing liquor for the purpose of sale with reference to the requested charges refused, there is no reversible error.

2.—Same—Requested Charges—Bills of Exception.

Those bills of exception relating to charges on accomplice's testimony need be considered no further than to call attention to the fact that the offense here charged was possessing intoxicating liquor; besides, the purchaser of liquor is not an accomplice.

3.—Same—Bills of Exception—Question and Answer Form.

This court has held in many cases that bills of exception in question and answer form cannot be considered unless the trial judge certifies that it is necessary that they be in such form in order to make clear the purpose of some ruling.

4.—Same—Jury and Jury Law.

The bill of exceptions complaining of the panel containing only twenty-eight jurors when the case was called for trial need not be considered.

5.—Same—Bills of Exception—Rule Stated—Argument of Counsel.

To merely set out that the State's attorney in his closing argument said certain things to the jury without affirming or denying the fact relative to such argument leaves nothing to be decided, or, again, that a witness stepped on a piece of paper and found a bottle of corn whisky, or,. again, that when the woman was arrested she left the whisky there, etc., unless the bill of exceptions itself sets out the ruling complained of, it cannot be considered.

6.—Same—Evidence—Bill of Exceptions.

Where a State's witness was asked if he ever found liquor in defendant's possession prior to a certain date and he replied that this was the first time he was ever there, this presents no error.

7.—Same—Charge of Court—Peremptory Instruction.

Upon trial of possessing intoxicating liquor for the purpose of sale there was no error in refusing an instruction for acquittal under the facts of the instant case.

8.—Same—Evidence—Bill of Exceptions—Other Offenses.

Proof of other offenses is often material and the fact that defendant had been arrested, and was under bond in other liquor cases, might be very material if true, so would also be testimony that defendant had paid a vagrancy fine, and the mere statement of testimony is not sufficient to bring before this court the matter for review.

**9.—Same—Practice in Trial Court—Other Transactions.**

Where the bill of exceptions as to other transactions did not set out that said objections were, in fact, tenable, there is no reversible error.

**10.—Same—Declarations of Defendant.**

Where objections were made to statements of defendant while under arrest and the court apparently agreed with his counsel, there was no reversible error.

**11.—Same—Rehearing—Practice on Appeal—Requested Charge.**

This court has again carefully examined defendant's contentions with reference to different bills of exception, and we must again hold that they are too general to be considered in as much as they include a number of statements some of which are clearly admissible and there is nothing in the objection to directly challenge or single out the supposed objectionable evidence, and under article 735 C. C. P., the duty rests upon the defendant to present his exceptions to the charge distinctly specifying each ground of objection.

**12.—Same—Evidence—Sales—Limiting Testimony—Charge of Court.**

The defendant being charged with possessing intoxicating liquor for the purpose of sale, sales by him at or about the time of the alleged offense would be provable as part of the main case, and the court is not required to limit or restrict the purpose for which this testimony is introduced, which is admissible to prove the main issue.

**13.—Same—Practice on Appeal—Motion for Rehearing.**

This court regrets that upon mature consideration of all the matters discussed and of the entire record it is not led to believe to be in error in the original disposition of the case.

Appeal from the District Court of Wichita.  Tried below before the Honorable H. R. Wilson.

Appeal from a conviction of possessing intoxicating liquor for the purpose of sale; penalty, one year imprisonment in the penitentiary.

The opinion states the case.

*Heyser & Hicks* and *Bishop & Lantz,* for appellant.

*Tom Garrard* and *Grover C. Morris,* Assistants Attorney General, for the State.

LATTIMORE, JUDGE.—Appellant was convicted in the District Court of Wichita County of possessing intoxicating liquor for purpose of sale, and his punishment fixed at one year in the penitentiary.

There were four counts in the indictment, No. 1 for selling liquor containing more than one per cent of alcohol, No. 2 for selling liquor capable of producing intoxication, No. 3 for possessing for purposes of sale liquor containing more than one per cent of alcohol by volume, and No. 4 for possessing liquor capable of producing intoxication.

Only the third count was submitted to the jury in the charge of the learned trial court. In disposing of the various questions raised on appeal we must bear in mind that the State was required to prove two things in order to make out its case under the third count, viz: the possession by appellant of liquor containing more than one per cent of alcohol by volume,—and that same was possessed for purposes of sale. The State's witnesses testified that appellant sold them two bottles of whisky containing more than one per cent of alcohol on the occasion in question. This was at night. It further appears that when they asked appellant if he had any whisky, he dressed and said he would have to go outside and get the liquor. He went out, was only gone a little while, and came back with it, and sold it to them. Appellant took the witness stand and said that he had the whisky ditched outside, had just thrown it in the weeds in his back yard. Sheriff Murphy testified that he was outside when appellant came out and got the liquor in question, and that he then walked out into the weeds and found another bottle full of corn whisky. He had seen appellant go ''out that way.''

We regret the condition of many of the bills of exception. Bills Nos. 1, 2, 5, 10 and 12 relate to the refusal of special charges which would have relation only to offenses of selling intoxicating liquor or liquor containing more than one per cent of alcohol by volume, and none of which appear to present any principle applicable to the offense of possessing liquor for purposes of sale.

Those bills of exception relating to charges on accomplice testimony need be considered no further than to call attention to the fact that the offense here charged was possessing intoxicating liquor, and there are no facts in evidence supporting the proposition that any State witness did anything to cause appellant to possess the liquor in question, or to induce him to commit the offense of such possession. We also call attention to the fact that in any event the purchasers of liquor are not accomplices. What we have just said disposes of appellant's bills of exception Nos. 3, 6, 7 and 8.

This court has held in many cases that bills of exception in question and answer form can not be considered, unless the trial judge certifies that it is necessary that they be in such form in order to make clear the purpose of some ruling. This applies to bills of exception Nos. 13 and 22.

Bill of exceptions No. 4 complaining of the panel containing only twenty-eight jurors when the case was called for trial, seems to call for no discussion on our part.

It is well settled that each bill of exceptions must be complete within itself and must make plain therein the error attempted to be set forth. Setting forth a question and its answer without any narration of the related matters or the lack of same either in what has gone before or

what is to come afterward, could hardly afford this court any ground for holding such matters objectionable. To merely set out that the State's attorney in his closing argument said to the jury: "He says he is charged in the Federal court with two cases of bootlegging. Did he tell you here that he had it for innocent purposes?" without affirming or denying the facts relative to such argument, leaves us nothing to decide. So of the statement in that bill of exceptions where a witness said: "I stepped on a piece of paper out there and opened it up and it was a bottle like that full of corn whisky." Manifestly such a statement might be most material in some settings; and in others objectionable, but without any showing as to its surroundings we can tell nothing about it. So also of the testimony of witness Somerville as follows: "State whether or not the defendant, A. M. Morris, told you he had on the occasion that this woman was arrested left the whisky there? Answer: He did." Nothing in these bills is stated save the question and answer and the statement of the objections then made, and the fact that same were overruled. Unless from the bill of exceptions itself we learn facts showing that the rulings complained of were objectionable, the bill is insufficient.

Bill of exceptions No. 14 reflects an objection to a question to State witness Miller in effect asking if he ever found liquor in appellant's possession prior to January 2, 1923. His reply was that this was the first time he was ever there. This presents no error.

Bill of exceptions No. 16 is based on the refusal of a motion to instruct a verdict for the accused. Perusal of the grounds of the motion lead to the conclusion that same is not well taken.

Bill No. 18 sets out at length certain testimony of appellant given on cross-examination. Part of the testimony is clearly admissible. The remainder might be under circumstances which might be instanced. The objections are that it was sought to prove separate and distinct transactions, irrelevant to any issue; prejudicial to appellant; remote from any issue; creates the impression that appellant had made various sales and was under bond in other cases, and had paid a vagrancy fine for a woman. Proof of other offenses is often material, and the fact that appellant had been arrested and was under bond in other liquor cases, if true, might be very material. There is also testimony that he paid a vagrancy fine for a woman who stayed at his place and was present as a witness in this case. The mere statement of the testimony and of what was then stated to the trial court as objections thereto, is not sufficient to bring before us the matter for review.

Bill of exceptions No. 19 recites that at the close of the testimony the appellant made the following motion in writing to charge the jury not to consider evidence of other transactions with Tyler or other sales, etc. We regret that no such motion appears, nor is there

any statement of sufficient reason or reasons why the court should give such instruction. As far as we learn from the bill, evidence of other transactions was material. This is substantially true of bill of exceptions No. 20, which sets out the testimony of witness Somerville and the objections then offered. Whether said objections were in fact tenable is not made to appear. In fact in the qualification to this bill the learned trial judge sets out two reasons, each apparently sound, upon which the testimony was admitted.

Bill of exceptions No. 21 shows that objections were made to statements of appellant while under arrest. The court apparently agreed with appellant's counsel in his contention as the bill does not present any testimony as to what was said after the objection was made.

This disposes of all the contentions made by appellant, and no error appearing, an affirmance must be ordered.

*Affirmed.*

### ON REHEARING.

### March 5, 1924.

LATTIMORE, JUDGE.—We have carefully examined the urgent motion for rehearing as well as the amended motion and argument in support thereof in which bills Nos. 18 and 20 are quoted in full and the substance of bills Nos. 17 and 22. The courteous but earnest insistence of counsel for appellant has led us to a most careful effort to sift our own conclusions. To quote said bills would but encumber the record. Our analysis of each was condensed in what we have already said but to make clear our position we illustrate. Bill No. 18, while in narrative form, shows that it contains in said narrative the answers to at least eight and probably more separate questions. It imputes to appellant, while being cross-examined as a witness in his own behalf on a charge of possessing liquor for sale, the following language:

"Pat Murphy did not find some more whisky on my place that night. I deny this. I did not sell any whisky in December to A. T. Glenn, and was not arrested at that time. I am not under bond now and I am not under bond in Federal Court for selling whisky, and for possession of whisky. I have been arrested heretofore for possession of whisky. The lady that works out there is named, 'I don't know.' She is here as a witness. She was arrested for vagrancy. I did not pay her fine in the county court here when she was charged for vagrancy for possession of whisky for sale in my place of business. I did not tell Wayne Somerville that I had put the whisky in her possession and did not tell him it was whisky that I had left there. I do mean to say that I did not pay that woman's fine for vagrancy. I did bring the money in to pay the fine and I turned it over to the sheriff. I went to see her first."

Each paragraph of said statement refers to a different matter and appears to be in answer to a separate question, which if objectionable at all, should be separately objected to. Mr. Branch in Sec. 211 of his Annotated P. C. cites many authorities as supporting the following applicable proposition:

"A bill of exceptions is too general to be considered if it includes a number of statements some of which are clearly admissible, and there is nothing in the objections to directly challenge or single out the supposed objectionable evidence."

Apply this to the above. It was pertinent to ask appellant if Pat Murphy did not find more whisky in his place; also to ask if he had not sold whisky to Glenn in December; also if he was not under bond and charged with selling and possessing liquor, in the Federal court. Other statements therein might be competent. The allegations of the bill are not full enough to show the error of the admission of any of said statements. This is true of bill No. 20 which shows that State witness Somerville swore:

"I did not discuss it with the officers. Some officer came in and said they wanted to file on her for vagrancy and all I know about what they had her for is what Morris told me."

There is nothing in this bill to disclose what "her" is referred to; nor to make it plain to this court that the matter thus admitted was not most material. Nothing seems better settled than that we are not required to search the record to find out what a bill of exceptions means. It must manifest its own merit,—exhibit its own error by its own averments. See authorities collated by Mr. Branch in Sec. 207 of his Annotated P. C. If the "her" was an employee of appellant, working in his establishment, helping run his business and was a witness for him in this case, had been fined for vagrancy while in his employ, and the money to pay her fine had been produced by appellant,—and these matters were in evidence as showing the bias of the witness or her relation to appellant, the matter objected to might have been perfectly competent. We presume correctness in any action of the trial court in the absence of an affirmative showing to the contrary. Such showing is not made in this bill.

Citation of authorities on the error of permitting impeachment on immaterial matter, or the admission of proof of collateral offenses, does not aid us in the absence of bill of exceptions properly presenting objections to such matters.

Under the act of 1913, Article 735, Vernon's C. C. P., the duty rests upon the party on trial to present his exceptions to the charge "distinctly specifying each ground of objection." In the case before us the exception stressed in the motion is stated as follows:

"That said charge should limit the purpose of the testimony offered relative to the alleged sales and various other offenses attempted to

be proved and proved in this cause, and the charge nowhere limits said proof, or shows its purpose.''

This exception is too general. It points out no evidence which the court fails to limit in the charge. How could the trial court then, or how can this court now, know what particular evidence appellant embraced in this complaint? The appellant being charged with possessing intoxicating liquor for the purposes of sale, sales by him at or about the time of the alleged offense would be provable as part of the main case. In Sec. 189 of Mr. Branch's Annotated P. C., appear numerous authorities supporting the proposition that the court is not required to limit or restrict the purpose for which testimony is introduced which is admissible to prove the main issue. What does appellant mean by ''other offenses attempted to be proved and proved in this cause''? The record reflects no special charge presented pointing out what offenses he refers to or asking that proof of same be limited. Bill of exceptions No. 19 sets out that after the parties had rested appellant made a motion requesting the court to instruct the jury not to consider the evidence of other transactions or sales, which manifestly was an incorrect proposition of law in this character of case. Under this condition of the record we see no necessity for discussing the many authorities cited by appellant laying down the rule that where evidence of other offenses is admitted for the purpose of proving intent, system, etc., the court should limit the purpose for which the evidence is admitted. The rule in theft cases and those involving criminal intent, system, etc., has no application to the admission of proof of sales by the accused where he is charged with the possession of liquor for the purpose of sale. We have discussed above and shown that there was no proper bill of exceptions preserved complaining of any of the questions asked appellant on cross-examination about matters which affected his credibility as a witness.

We have again examined bills of exception Nos. 17 and 22. If appellant stated to Mr. Somerville, the county attorney, that he had on the occasion of the arrest of a certain woman, *left the whisky there,* as the witness testified he did say, this might be admissible as affecting the question of his possession of intoxicating liquor, and also the matter in the other bill of exceptions mentioned consisting of the statement of appellant that he went to see ''her'' first, and turned the money over to the sheriff, might be very material for the reasons mentioned in discussing bill of exceptions No. 18.

We regret that upon mature consideration of all the matters discussed and of the entire record we are not led to believe ourselves in error in the original disposition of the case, and the motion for rehearing will be overruled.

                                                          *Overruled.*