ROY TAYLOR v. THE STATE.

No. 8206.   Decided June 4, 1924.

Rehearing denied October 24, 1924.

1.—Possessing Intoxicating Liquor—Bills of Exception—Must be Complete.

A bill of exception to be considered by this court must show clearly the error complained of in a pertinent and comprehensive way, and without reference to statement of facts, and must clearly set out the reasons for the exception.

ON MOTION FOR REHEARING.

2.—Same—Bill of Exception—Form of—Questions and Answers.

Art. 846, C. C. P., provides that questions and answers, shall not be carried into bill of exception except where in the opinion of the judge such questions and answers, may be necessary in order to elucidate the fact or question involved. Bills of exceptions which do not conform to this rule will not be considered. See McCray v. State. 257 S. W. Rep., 567; Smith v. State, 256 S. W., 262.

Appeal from District Court of Wichita County. Tried below before the Hon. H. R. Wilson, Judge.

Appeal from a conviction of possessing intoxicating liquor; punishment, two years in the State penitentiary.

*Taylor & Taylor* and, *Hyser & Hicks,* for appellant.

*Tom Garrard,* State's Attorney, and *Grover C. Morris,* Assistant State's Attorney, for the State.

LATTIMORE, JUDGE.—Appellant was convicted in the District Court of Wichita county of possessing intoxicating liquor for the

purpose of sale, and his punishment fixed at two years in the penitentiary.

The facts in evidence amply support the judgment. There are four bills of exception, the first of which is in question and answer form and under Article 846, Vernon's C. C. P., and many decisions of this court, cannot be considered. Bill No. 2 complains of the refusal of a motion presented to the learned trial judge asking him to limit the testimony of State witness Bills to the effect that he drank whisky in Heyser's office, and saw a Dry Gin bottle in Heyser's office which had a label on it similar to labels on the bottle in evidence, "to and for the purpose for which the same was admitted." There is utter lack of showing in the bill of reasons upon which such motion might have been supported. In order to invoke our consideration a bill must be complete within itself. No reason is shown why the evidence referred to should be limited at all, nor is there suggestion of the purpose for which same was admitted. We must presume in the absence of objection to the testimony, that there was sufficient reason on the part of the learned trial judge for admitting it, but in the absence of some showing of the purpose for which same was allowed, and that the jury might misappropriate said evidence, we could not determine the matter complained of. Bills Nos. 3 and 4 complain of the refusal of special charges, each of which was fully covered by the main charge of the court.

Finding no error in the record, an affirmance will be ordered.

*Affirmed.*

ON REHEARING.

LATTIMORE, Judge.—In the light of appellant's motion we have again examined the record. There is no question of the fact that appellant's bill of exceptions No. 1 is entirely made up of questions and answers. The plain language of Article 846, C. C. P., provides that the questions and answer shall not be carried into a bill of exceptions except where in the opinion of the judge such questions and answers may be necessary in order to elucidate the fact or question involved. This court has held in many cases that where the bill of exceptions is in such form it will not be considered by us unless there be attached to the bill some statement of the court below that in his opinion it was necessary to make the questions and answers a part of the bill in order to a clear understanding of the point at issue. McCray v. State, 257 S. W., 567; Smith v. State, 256 S. W. Rep., 262.

Appellant's complaint of the fact that the court did not grant his motion and request to limit the testimony of the witness Bills was disposed of by us without extended discussion. It is impossible for this

court to know from the bill of exceptions what the connection of the testimony complained of was with the case. The uniform rule of this court has been that a bill of exceptions, to call for favorable action at our hands, must make clear the error of the ruling complained of. If the testimony was admissible upon any possible hypothesis growing out of the case and a general complaint be made here that the court below failed to limit it, we are at a loss to know how this court could ascertain from the bill that the trial court was in error. As far as the bill of exceptions before us is concerned, that objected to may have been the most material testimony in the case and may have been directly pertinent to some of its main issues. We repeat that unless it appears from the bill of exceptions that the testimony should have been limited to some particular purpose and that there was danger of a misappropriation of it by the jury, such complaint cannot avail the accused.

The complaints of the refusal to give the special charges still seem to us to be unwarranted in view of the fact that same were covered by the charge of the court as given.

The motion for rehearing will be overruled.

*Overruled.*