# APRIL, 1925.

## W. SNITZ v. THE STATE.

No. 8669.   Delivered April 15, 1925.

Rehearing denied June 10, 1925.

1.—Swindling—Bills of Exceptions—Not Considered.

Appellant presents eight bills of exceptions in this record all of which are in question and answer form, none of which can be considered. Art. 846 C. C. P. explicity declares "provided that such stenographer's report when carried into a statement of facts or bills of exception shall be condensed, so as not to contain the questions and answers, except where in the opinion of the judge such questions and answers may be necessary in order to elucidate the fact or question involved.

### ON REHEARING.

2.—Same—Bills of Exceptions—Question and Answer Form.

We think the correct rule as to bills of exception in question and answer form is stated in the Jetty case as follows: "It may some time be necessary for the trial judge to direct the incorporation of question and answers for the aid of this court, but in the first instance they should not be presented in this form." A bill in this form should contain some explanation by the trial court, that in his opinion the questions and answers were neces- essary to aid us in understanding the points involved, otherwise such bills will not be considered. See Jetty v. State, 90 Tex. C. R. 346, 235 S. W. 589.

Appeal from Criminal District Court No. 2 of Dallas County. Tried below before the Hon. Chas. A. Pippin, Judge.

Appeal from a conviction of swindling; penalty, two years in the penitentiary.

The opinion states the case.

*Taylor & Irwin, Baskett & DeLee,* for appellant.

*Tom Garrard,* State's Attorney, and *Grover C. Morris,* Assistant State's Attorney, for the State.

BAKER, JUDGE.—Appellant was charged by indictment in the Criminal District Court No. 2 of Dallas County with unlawfully acquiring certain personal property in the way of dry goods belong- ing to C. H. Dollison, with fraudulent intent, by giving and drawing a certain check upon the Mercantile Bank & Trust Company of Dallas, Texas, and convicted upon said indictment in said court on the 5th day of October, 1923, and his punishment assessed at two

years confinement in the penitentiary; from which conviction and judgment he has appealed to this court, and assigned errors as set out in his bills of exceptions Nos. 1 to 8, inclusive.

The appellant has not favored this court with any brief citing us to any authorities sustaining his contentions as set out in his bills.

We have carefully examined the record in this case, and find most of the bills of exception are prepared in question and answer form. Art. 846, C. C. P. explicitly declares:

"Provided, that such stenographer's report, when carried into the Statement of Facts or Bills of Exception, shall be condensed so as not to contain the questions and answers, except where in the opinion of the judge such questions and answers may be necessary in order to elucidate the fact or question involved."

Under this statute this court has repeatedly held that it can not and will not consider bills of exception in question and answer form.

We find no error in the remaining bills of exceptions.

The court's general charge, together with charge No. 2 given at the request of appellant, seem to cover all phases of this case.

Failing to find any error in the record, we affirm the judgment of the lower court.

Affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—It is insisted that where bills of exception contain questions and answers and are approved in that form by the trial judge, the presumption should be indulged by this court that it was the opinion of the trial judge that it was necessary for the bill to show such questions and answers in order to elucidate the questions involved. We think the correct rule is stated in Jetty v. State, 90 Texas Crim. Rep. 346, 235 S. W. Rep. 589, as follows:

"It may some time be necessary for the trial judge to direct the incorporation of questions and answers for the aid of this court, but in the first instance they should not be presented in this form."

A bill in this form should contain some expression from the trial judge informing this court that in his opinion the questions and answers were necessary to aid us in understanding the point involved, or explanatory of the manner in which it arose.

In view of the entire record, we think no error is presented calling for a reversal.

The motion for rehearing is overruled.

Overruled.