BILL STILLWELL v. THE STATE.

No. 13313.   Delivered May 28, 1930.
Reported in 28 S. W. (2d) 812.

The opinion states the case.

*James. E. Anderson,* of Amarillo, for appellant.

*A. A. Dawson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is possession of a still, mash and equipment for manufacturing intoxicating liquor; the punishment, confinement in the penitentiary for two and one-half years.

It appears from bill of exception No. 1 that appellant submitted to the court his motion wherein he requested the court to appoint a named constable to summon talesmen. It was averred in the motion that the sheriff was interested in the conviction and prejudiced against appellant. It was also alleged that the sheriff was a material witness against appellant. The court overruled the motion and directed the sheriff to summon the necessary talesmen to complete the jury panel. The bill of exception is qualified with the statement that the motion was not sworn to and that appellant offered no evidence in support of the allegations therein set forth. It is further stated in the qualification that appellant objected to none of the jurors summoned by the sheriff, and that there was no showing that any of said jurors were prejudiced against appellant. The bill of exception fails to manifest error. The allegations to the effect that the sheriff was interested in the prosecution and prejudiced against appellant were not supported by evidence. The fact alone that the sheriff was a material witness for the state did not disqualify him from performing the duty imposed him by the court. Coates v. State, 98 Tex. Cr. R. 314, 265 S. W. 891; Blanks v. State, 12 S. W. (2d) 564.

The remaining bill of exception is in question and answer form, with no certificate on the part of the trial court showing the necessity for such form. It is the rule that bills of exception in question and answer form are not entitled to consideration, unless the certificate of the trial judge shows the necessity for such form. Govance v. State, 2 S. W. (2d) 853.

The judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.