Estes Bible, H. McNabb and P. W. McNabb v. The State.

No. 13994. Delivered February 18, 1931.
Rehearing Denied April 1, 1931.

32

The opinion states the case.

*E. C. Hill,* of Houston, and *C. B. Masterson,* of Angleton, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—Under an indictment charging assault with intent to murder, appellants were convicted of an aggravated assault, and their punishment assessed at a fine of seven hundred fifty dollars each.

Gregorio Flores was brought to the farm of Mr. Butler, which was near the town of Angleton, under a contract, to operate a tractor. He testified that he and his wife were ordered away from the place by some unknown parties on their first night on the farm. Thereafter, according to his testimony, while he was at work in the field, he was approached by appellants. Appellant P. W. McNabb asked him for a cigarette, and as he handed him the cigarette, appellant Estes Bible struck him on the head with some instrument and knocked him to the ground. He testified further that he became unconscious; that after several hours, upon regaining consciousness, he found that his feet and hands were wired and that his shoes were gone; that he was able to make his way to a house nearby; that thereafter he was taken to a hospital in Houston, where he underwent an operation. It was uncontroverted that the injured party was in a serious condition. The doctor testified that he had a bad wound on the head and that his intestines were severely bruised. We quote the doctor's testimony, as follows:

"In treating him, I performed an operation on him; we cut him open, opened him up and drained him—his intestines; he had been bruised, either through some blow or kick. It was not necessary to remove any part of his intestines; we just opened him up and drained the gas out. The man was in a serious condition when I first saw him and treated him; we told him that he was in a serious condition, and I had Dr. Maxey called in in consultation and Dr. Maxey said that the man would die, and I said that if he was going to die anyway we might as well take him to Houston and operate. The idea was we took him up to Houston and took the chance of his dying from the

operation, but he lived. At the time, it was my opinion, as well as Dr. Maxey's, that the man would die. We just took a chance and saved his life."

The appellants relied upon testimony raising the issue of an alibi. According to their testimony, they were not at the place where the offense was committed, but in the town of Angleton at the time the injured party testified that he was attacked. Several witnesses in behalf of the appellants gave testimony in support of their theory. The injured party having positively identified appellants as his assailants, it was the province of the jury to accept his testimony and disregard the testimony supporting the defensive theory. We would not be warranted, under the facts, in disturbing the judgment of conviction.

One bill of exception is found in the record. It is entirely in question and answer form, with no certificate on the part of the trial court showing the necessity for such form. It is the rule that bills of exception in question and answer form are not entitled to consideration, unless the certificate of the trial judge shows the necessity for such form. Stillwell v. State, 115 Texas Crim. Rep., 142, 28 S. W. (2d) 812; Govance v. State, 109 Texas Crim. Rep., 47, 2 S. W. (2d) 853.

The judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—It is specifically provided in article 760, C. C. P., that bills of exceptions shall not contain questions and answers, save when in the opinion of the judge it is necessary to set out such questions and answers in order to elucidate the fact or question involved. This court, endeavoring to give effect to the statute, seems to have uniformly held bad,—bills of exception in question and answer form, except when the trial judge, in approving such bill, notifies us by the form of his approval that his purpose in allowing a bill containing questions and answers was that he deemed it necessary in order to make clear the fact or question involved. Smith v. State, 95 Texas Crim. Rep., 581, 255 S. W., 173; Hanson v. State, 96 Texas Crim. Rep., 110, 255 S. W., 743; McCroy v. State, 96 Texas Crim. Rep., 354, 257 S. W., 566; Morris v. State, 96 Texas Crim. Rep., 605, 258 S. W., 1065; Dunne v. State, 98 Texas Crim. Rep., 7, 263 S. W., 608; Taylor v. State, 98 Texas Crim. Rep., 185, 265 S. W., 152; Redwin v. State, 99 Texas Crim. Rep., 78; 268 S. W., 1118; Snitz v. State, 100 Texas Crim. Rep., 259, 272 S. W., 464. In order to agree with the contention of appellant in this case that we ought to consider his bill of exception which is in

question and answer form, simply because it was approved by the trial court,—without any statement thereon by the trial court that it was necessary to put it in that form in order to elucidate the fact or question involved,—we would have to overrule the above cases and many others. This we do not feel inclined to do.

We have less compunction in holding this bill of exception bad in view of the fact that it complained of certain questions propounded to a witness on cross-examination by the State seeking to elicit certain information, each of which questions was answered in the negative.

The motion for rehearing will be overruled.

*Overruled.*