## V. DE LA GARZA V. THE STATE.

No. 17633.   Delivered October 16, 1935.
Rehearing Denied December 4, 1935.

The opinion states the case.

*W. H. Blanton,* of San Antonio, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is murder; the punishment, confinement in the penitentiary for ten years.

It was charged in the indictment, in substance, that appellant, with malice aforethought, killed Juan Rodriguez by shooting him with a pistol.

Appellant and deceased, who were neighbors, met near the home of deceased. According to the version of the State, a quarrel ensued and appellant ran into his house and secured a pistol. When he returned he immediately shot deceased to death. Deceased was unarmed and was making no demonstration toward appellant at the time he was shot.

Testifying in his own behalf, appellant admitted that he killed deceased. He testified, however, that deceased had cursed and threatened him and was making a demonstration as if to draw a weapon at the time he fired the fatal shot.

In his motion for a new trial appellant set up newly discovered evidence, and attached thereto the affidavits of the witnesses whose testimony he desired. The order of the court overruling the motion recites that evidence was heard. The evidence heard by the trial judge is not brought forward. Under the circumstances, this court must presume that the trial judge acted upon evidence that was sufficient to justify his action in overruling the motion. Murphy v. State, 72 S. W. (2d) 252, and authorities cited.

Bill of exception No. 3 is in question and answer form, without any certificate on the part of the trial judge showing the necessity for such form. Under the circumstances, said bill is not entitled to consideration. Betts v. State, 69 S. W. (2d) 775; Bible v. State, 36 S. W. (2d) 753, and authorities cited.

It is shown in bill of exception No. 4 that a witness for appellant, after having testified on direct examination that appellant's general reputation as a peaceable and law-abiding citizen was good, was asked by the district attorney if he had heard about appellant "pulling a pistol on a man by the name of Joe Garza in 1931." The witness answered in the affirmative. Appellant objected on the ground that the transaction inquired about was too remote. We think this objection was not well taken. It is well settled that a witness to the good character of the accused may be asked upon cross-examination whether he had heard of rumors or of particular and specific charges or acts of the accused inconsistent with the character he was called to prove, not to establish the truth of such charges, but to test his credibility and enable the jury to weigh his evidence. Wharton v. State, 38 S. W. (2d) 72.

A careful examination of all of appellant's contentions leads us to the conclusion that reversible error is not presented.

The judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—Appellant's motion seems to ask us to grant him a rehearing in order that he might have before the trial court and jury newly discovered evidence. As stated in our original opinion, the order of the trial court in overruling appellant's motion for new trial recites that the court heard evidence when said motion was presented. There being nothing in the record to enable this court to know what evidence the trial court heard in opposition to the affidavit attached to appellant's motion, we are compelled, under numerous authorities and decisions by this court, to uphold the action of the court below in refusing the new trial sought. As part of his motion for rehearing, appellant asks us to grant him a writ of certiorari directing the clerk of the Criminal District Court of Bexar County to send up the entire record in this case. As far as we know, or are informed by the motion, the entire record was sent up and is before this court. Nothing in the motion for rehearing sets out any part of the record upon the trial of this case which was omitted. We can not take affirmative action against a judgment of the trial court upon a showing so indefinite as appears in this motion.

The motion for rehearing will be overruled.

*Overruled.*