GRADY WARREN v. THE STATE.

No. 17975. Delivered April 1, 1936.
Rehearing Denied May 27, 1936.

The opinion states the case.

*J. C. Dorbandt,* of Tyler, and *Gus Morris* and *W. W. Sanders,* both of Gilmer, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, JUDGE.—The appellant was tried and convicted of the offense of murder and his punishment was assessed at death.

This is the second appeal in this case. The opinion of this court on the first appeal appears in 79 S. W. (2d) 1092.

At the trial of this case the State offered as evidence a written confession made by the appellant in which he admitted that he induced Brown, his victim, to drive him out to his, appellant's sister's home; that after they had driven out of town a distance of several miles, he struck Brown with an iron bar which was about one or two inches in diameter and about fourteen inches long with a nut fastened to one end; that after he knocked his victim down, he robbed him of his watch and money, took his victim's car, and returned to the town of Tyler; that on his way back to town he threw the iron bar out of the car at a stated place and at another place near a small culvert he threw Mr. Brown's billfold out. After obtaining this information, the officers went to the places indicated by the appellant, where they found the iron bar and deceased's billfold.

By bill of exception number one appellant complains of the action of the trial court in permitting the State to introduce appellant's purported confession because it was shown that the officers obtained same by the use of force and threats. It is true that one of the officers struck appellant at the time they arrested him and his female companion, but not because they were attempting to obtain a confession from him. The record shows that the officers arrested the appellant and his female companion in a tourist camp; that when they requested her to get up and dress, she refused to do so; that they pulled her

out of bed and slapped her, whereupon the appellant arose and started toward the officer in a threatening attitude, when the officer struck him in the face with his fist. If the confession was obtained by the use of force as claimed by appellant, it would nevertheless be admissible because in his confession he advised the officers where he threw the iron bar, with which the offense was committed; and where he threw the billfold, which he took from the pockets of the deceased; and these were subsequently found by the officers at the places stated by him. See Brown v. State, 26 Texas App., 313, 9 S. W., 613; Fielder v. State, 40 Texas Crim. Rep., 184; Johnson v. State, 44 Texas Crim. Rep., 332.

Bill of exception number two contains the testimony of C. M. Pope, Jr., and that of E. C. Williams and is entirely in question and answer form without any certificate on the part of the trial judge showing the necessity for being in such form. Under the circumstances said bill is not entitled to consideration by this court. See Betts v. State, 125 Texas Crim. Rep., 597, 69 S. W. (2d) 775; Bible v. State, 117 Texas Crim. Rep., 31, 36 S. W. (2d) 753; Garza v. State, 88 S. W. (2d) 113. Besides the bill of exception is multifarious. However, after a careful examination of it we conclude that no reversible error is shown.

Bills of exception numbers three, four, and five are also in question and answer form without any certificate on the part of the trial judge showing the necessity for such form, and are not entitled to consideration by this court under the authorities heretofore cited. However, since this conviction carries the death penalty we have examined said bills of exception. Bill of exception number three is without merit. Bill of exception number four relates to the arrest of appellant without a warrant. The court qualified said bill and in his qualification certifies that the officers had information that the defendant was making his escape; that they did not have time to obtain any sort of a warrant for the arrest of the defendant as they were some twenty-five miles from any justice of the peace. The bill as thus qualified fails to disclose any error. See Pruett v. State, 114 Texas Crim. Rep., 44, 24 S. W. (2d) 41; Burkhardt v. State, 83 Texas Crim. Rep., 228. The record also shows that appellant had already fled from the city of Tyler, near where the alleged offense was committed, to Arp, where the officers were informed that he was intending to go to Beaumont. Under said state of facts the arrest was not illegal. See Art. 215, C. C. P. By bill of exception number five the

appellant contends that the trial court erred in permitting the State to introduce deceased's hat, watch and chain, and pocket book or billfold, etc., as evidence. These articles were found in the possession of appellant shortly after the offense was committed and after being identified as the property of the deceased were admissible because they corroborated the appellant's confession, which was an extrajudicial confession, and which alone would not have warranted or justified his conviction. We therefore overrule the appellant's contention.

Finding no reversible error in the record, the judgment of the trial court is in all things affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

MORROW, P. J., absent.

### ON MOTION FOR REHEARING.

MORROW, PRESIDING JUDGE.—In his motion for rehearing appellant earnestly insists that this court erred in holding that it was proper for the trial court to permit the State to show by G. H. Holley that the appellant said to him: "He said that old man had about $80.00 on him that he wanted to get, and I told him I did not cater to that kind of business. I told him I didn't have any knockout drops. * * * He said that if he couldn't get the money any other way, he was going to knock him in the head. * * * He said he was just out of jail and had to have some money."

Appellant's objection to the above testimony was that it was immaterial and prejudicial. It was a statement which appellant had made to Holley showing his intention to obtain some money from the deceased, and it showed clearly that appellant intended to get the money even if he had to knock the old man (deceased) in the head. The old man was subsequently found knocked in the head and part of his personal property was found in possession of the appellant. We think this testimony was clearly admissible as tending to connect the appellant with the commission of the offense.

Appellant also contends that this court erred in holding that the introduction of the billfold in evidence was not error. It had been identified by the wife of the deceased as his property. The appellant admitted that he had thrown it away near a culvert in the road and the officers found it there after having

received such information from the appellant. The wife of the deceased upon being handed the billfold, inspected the same in the presence of the jury and took therefrom a photograph of the deceased's baby by which she positively identified the billfold as belonging to the deceased. She also identified a watch and chain and the hat and trousers found in the possession of the appellant as belonging to her deceased husband. All of this was admissible as tending to connect the appellant directly with the commission of the offense with which he was charged.

The extreme penalty having been assessed, the entire record has been carefully reviewed in the light of the appellant's motion for rehearing, and we are of the opinion that the case was properly decided on the original hearing.

The motion for rehearing is overruled.

*Overruled.*