## A. J. Franklin v. The State.

### No. 1160. Decided October 25, 1911.

### Rehearing denied November 29, 1911.

**1.—Theft—Motion for New Trial—Bill of Exceptions.**

Where the bill of exceptions to the overruling of a motion for new trial was not properly drawn, and added nothing to the motion, there was no error in overruling same.

**2.—Same—Sufficiency of the Evidence.**

Where, upon trial of theft, the evidence sustained the conviction, there was no error.

**3.—Same—Charge of Court—Caption.**

Where it was claimed, in the motion for new trial, that the caption of the court's charge used Harris County instead of Galveston County, and did not state to the jury with what offense the defendant was charged or the date of the alleged offense, and that the defendant pleaded not guilty, etc., there was no error.

**4.—Same—Charge of Court—Definition of Offense.**

Where all of the essential elements of the statutory offense are submitted in the court's charge, it is not necessary to give a statutory definition thereof.

**5.—Same—Evidence—Bill of Exceptions.**

Where no bill of exceptions is reserved to the testimony, the court can not revise on appeal.

**6.—Same—Verdict.**

A verdict which is otherwise sufficient is not defective in not stating that the defendant was found guilty as charged.

**7.—Same—Newly Discovered Evidence—Want of Diligence—Bill of Exceptions.**

Where no diligence was shown for the absence of newly discovered evidence, and no bill of exceptions appeared in the record, there was no error.

**8.—Same—Charge of Court—Accomplice.**

Where the evidence did not show even that the State's witness was an accomplice, and there were only slight circumstances indicating that he was, the court properly submitted the question to the jury.

Appeal from the Criminal District Court of Galveston. · Tried below before the Hon. C. W. Robinson.

Appeal from a conviction of theft; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*T. E. Turnley* and *J. T. Wheeler* and *O. S. York,* for appellant.— On the question of the court's failure to define theft: Johnson v. State, 1 Texas Crim. App., 118; Smith v. State, 1 Texas Crim. App., 517.

On question of court's charge on accomplice. Franklin v. State, 53 Texas Crim. Rep., 388 and 547; id., 138 S. W. Rep., 112.

*C. E. Lane,* Assistant Attorney-General, for the State.

PRENDERGAST, JUDGE.—The appellant was indicted and convicted of theft of property over the value of $50, and his punishment fixed at two years confinement in the penitentiary. There is no bill of exceptions in the record, except to overruling of the motion for new trial, which motion for new trial contains eleven distinct grounds therefor. This is not such a bill, and it is not so drawn or presented as that it can be considered other than the motion for new trial.

The evidence amply and fully sustains the conviction. This is the second appeal in this case. The first is reported in 53 Texas Crim. Rep., 547.

Among other grounds of the motion for new trial it is claimed that because the caption of the court's charge says that the case is in the District Court of Harris County, when, as a matter of fact, it was in the Criminal District Court of Galveston County, and that the court in the charge failed to state to the jury with what offense the defendant was charged or the date of the alleged offense or in what county or State it was committed, or that the defendant pleaded not guilty. While it would be better perhaps for the court in the caption of his charge to have correctly stated that the case was in the Criminal District Court of Galveston County, instead of Harris County, and to have stated with what the defendant was charged and that he plead not guilty, it is too evident to need comment to show that no injury whatever occurred to the appellant on account of any of these omissions. Of course, the jury knew, and the appellant knew, that he was not being tried in Harris County, but was being tried in Galveston County, and they all knew with what the defendant was charged by the indictment and that the defendant had plead not guilty.

Another complaint of the charge is that the court did not give the statutory definition of theft of the property of the value of over $50, as prescribed by article 858 of the Penal Code. It is not essential for the court to give this statutory definition where all of the essential elements of the statutory offenses are submitted by the court in his charge to the jury to be found against appellant beyond a reasonable doubt before they could convict, as was done in this case. No injury whatever is shown to have occurred to appellant by reason of the court not giving this statutory definition. A great many cases decided by this court have so held, and it is the uniform holding of this court. See White's Code Crim. Proc., p. 513, section 796, and the cases collated there so holding.

Other grounds of the motion for new trial complain of the action of the court in admitting certain testimony, but these matters are not presented by bill of exceptions, nor is the testimony of the various witnesses given even in the motion for new trial. So that the matter is not presented so as to justify this court in considering these complaints.

Another complaint is that the verdict of the jury was as follows:

"We, the jury, find the defendant, A. J. Franklin, guilty and assess his punishment at two years confinement in the penitentiary," is defective in not stating that the defendant was found guilty as charged. There is nothing in this complaint as has uniformly been held by this court.

Another complaint is that the court ought to have granted a new trial because of newly discovered evidence. No diligence whatever is shown which would justify the court to grant a new trial, and neither is any such evidence so presented by bill or otherwise to this court so that it can determine the materiality thereof.

Another complaint in the motion for new trial is as follows: "Because the court erred in not charging the jury that the witness, Alphonse Manzapani, was an accomplice, and confusing the jury by submitting to them the issue as to whether or not Alphonse Manzapani was an accomplice." This is too general to require consideration by this court. However, we have carefully read the testimony of this witness and in our opinion it does not show that this witness was an accomplice. The most that can be claimed is that there are some circumstances which might indicate that he was an accomplice. It is the uniform holding of this court that when such is the case the question of whether or not he is an accomplice and the weight and effect to be given to his testimony in that event, is properly submitted to the jury, which was done by the court in the charge in this case. There was no error on that account.

No reversible error being shown in the record, the judgment is in all things affirmed.

*Affirmed.*

[Rehearing denied November 29, 1911.—Reporter.]