## JIM EAST V. THE STATE.

No. 10822. Delivered June 24, 1927.

**1.—Manslaughter—Character Witnesses—Cross-examination—Held Proper.**

Where on a trial for manslaughter, their was no error in permitting the state on cross-examination of appellant's character witnesses to ask them if they had not heard of appellant assaulting "One-armed Bill Maddox."

**2.—Same—Evidence—Impeaching Defendant—On Collateral Issue—Improper.**

Where appellant, both on direct and cross-examination, had denied that he had ever assaulted "One-armed Bill Maddox," such assault having no connection with the case on trial, it was error to permit the state to impeach him by proving by a witness that he was present and saw appellant assault "One-armed Bill Maddox." Evidence of specific acts of misconduct are not admissible to show bad character or as impeaching the appellant. See Johnson v. State, 241 S. W. 484.

**3.—Same—Requested Charge—On Intent—Erroneously Refused.**

Where the testimony showed an assault with a knife, but there was no proof that said knife in the manner it was used was a deadly weapon, the court erred in refusing appellant's requested charge that they might take into consideration the instrument or means used, and if the instrument be one not likely to produce death, it cannot be presumed that death was designed, etc. See Griffin v. State, 40 Tex. Crim. Rep. 312.

**4.—Same—Charge of Court—Held Sufficient.**

Appellant complained that the court's charge failed to present fairly and fully his defensive theory and presented to the court a charge prepared by him, which he was requested to give in lieu of the court's charge. There was no error in refusing to give this charge as we are of the opinion that the charge given by the court was more favorable to appellant than the one requested.

Appeal from the District Court of Upshur County. Tried below before the Hon. J. R. Warren, Judge.

Appeal from a conviction for manslaughter, penalty four years in the penitentiary.

The opinion states the case.

*Florence & Florence* of Gilmer, for appellant. On evidence of acts of misconduct by defendant, appellant cites: Johnson v. State, 241 S. W. 484; Wright v. State, 266 S. W. 783; Fountain v. State, 241 S. W. 489; Rosamond v. State, 276 S. W. 247; Howard v. State, 192 S. W. 770; Praytor v. State, 284 S. W. 965; Elliott v. State, 284 S. W. 963, and Goss v. State, 284 S. W. 578.

*Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State.

BETHEA, JUDGE.—The appellant was convicted for the offense of manslaughter, and his punishment assessed at four years in the penitentiary.

Appellant killed L. T. Albright by cutting him with a knife. The killing occurred on Sunday, June 20, 1926, at the home of Mr. Allie Greer. Appellant was a step-brother of deceased. The appellant and deceased and some four or five other boys were together near a workbench, laughing and talking, and "hurrahing" each other. One of the party told appellant that deceased had said that he, appellant, had not had a bath in more than twenty years, and that when he got out of bed every morning he had mud between his toes. Appellant made the statement that whoever said that was a "God-damned liar and a damn son-of-a-bitch." One of the boys in the party asked deceased if he was

going to take that, and deceased replied that appellant was a "damned son-of-a-bitch and a bastard." When this was said, appellant advanced upon deceased, deceased backed back, and picked up a stick, and struck appellant on the arm, breaking the skin. Appellant choked deceased and took the stick away from him. Deceased staggered back some few steps and fell to the ground, exclaiming, "I am out." In a moment or two appellant picked deceased up in his arms and carried him a short distance to the house and laid him on the gallery. Appellant asked some of the boys to summon a doctor. Deceased lingered about three months and died.

Appellant defended on the ground of self-defense, and also contended that he did not know that he had cut the deceased, that if he cut him he did so in an effort to prevent deceased from striking him with a stick or plank, which was a 1x4 about 2½ feet long.

In view of the disposition of this case, it will not be necessary for us to discuss bills of exception Nos. 1 and 2.

Bill of exception No. 3 complains that after appellant had proved by a number of witnesses that his reputation as to being a peaceful, quiet, law-abiding citizen, and as to truth and veracity, was good, that the state, upon cross-examination, asked said witnesses if they had not heard about appellant assaulting "One-armed Bill Maddox," to which each witness answered in the negative. The inquiry up to this point was permissible in cross-examination of the witnesses who vouched for appellant's good character.

Appellant further complains that while he was upon the witness stand in his own behalf he was asked, upon his examination-in-chief, and then upon cross-examination, if he had not, on an occasion at Pull Tight, a little store operated by Jim Maddox, assaulted "One-armed Bill Maddox," to which appellant answered, upon both occasions, that he did not assault Bill Maddox and did not strike him; that the state was then permitted to prove by Bert Harrell, in rebuttal, and upon examination-in-chief, and after said witness had testified that he was acquainted with appellant's general reputation for peace and quietude and that said reputation was bad, that he, said witness, was at Pull Tight on the occassion when the appellant had a difficulty with "One-armed Bill Maddox" and that at that time he saw the appellant hit Bill Maddox.

This testimony was objected to by the appellant because the same was immaterial, irrelevant, and prejudicial to his rights because same was proof of a separate act and not in rebuttal of

appellant's general reputation, and further because said testimony was an attempt to impeach him upon an immaterial and collateral issue.

In our opinion, the court fell into error in permitting the state to make this proof. The appellant had filed an application for a suspended sentence. This put his general reputation in issue, and it was not competent nor relevant to the issue to allow the state to rebut his good reputation by proof of a separate and distinct offense, to-wit, the assault upon "One-armed Bill Maddox." The state could have rebutted appellant's good reputation by evidence of bad reputation. Evidence of specific acts of bad conduct is not admissible to show bad character. "Evidence of good actions of the accused is not admissible to prove his good reputation." Johnson v. State, 241 S. W. 484.

Appellant, in his third exception to the court's main charge, excepted to paragraph 7 of same because the court did not require the jury to find that the appellant used a deadly weapon in the commission of the offense, and further objected to said paragraph because the court did not therein instruct the jury with reference to the means used and suggested the following charge should have been given:

"The instrument or means by which a homicide is committed are to be taken into consideration in judging the intent of the defendant, and if the instrument be one not likely to produce death, it is not to be presumed that death was designed, unless from the manner in which it was used such intention evidently appears."

It is our opinion, under the facts and circumstances of this case, that the court should have given either the above quoted charge or some other instruction involving this principle of law, as is required under Article 1261, Penal Code, 1925. There is nothing in the record showing the deadly character of the knife used by appellant, and, this being true, he is entitled to have the question of intent presented as an issue to the jury. Griffin v. State, 40 Tex. Crim. Rep. 312, 50 S. W. 366.

Appellant, in his 5th objection to the court's charge, complains that paragraph 8 of same does not affirmatively submit his theory of the case, but submits same in a disjunctive manner, and further because said paragraph of said charge does not fully cover appellant's defense, and suggests that the court instruct the jury in accordance with a suggested charge set out in said objection. We are unable to agree with appellant's contention. From a careful reading of paragraph 8 of the learned trial judge's main charge, we find that same very ably and fairly

submits affirmatively appellant's theory of the case, and, in our judgment, is a more liberal charge for the appellant than the one suggested.

For the reasons above set out, the judgment of the trial court is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.