JEFF JONES v. THE STATE.

No. 11357. Delivered March 7, 1928.
Rehearing denied June 28, 1928.

The opinion states the case.

*Davis Jester & Tarver* of Corsicana, *Kirby King & Overshenir,* of Abilene for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

CHRISTIAN, JUDGE.—The offense is forgery of a land title as denounced by Article 1006 P. C.; the punishment confinement in the penitentiary for ten years.

This is the second appeal of this case, the former appeal being reported in 291 S. W. 1105.

It was alleged in the indictment that appellant committed the act therein charged with the intent to injure and defraud. In a motion in arrest of·judgment appellant averred that the indictment was fatally defective in failing to allege the intent to defraud in a definite and specific manner. Appellant's contention has been decided adversely by this court. It follows that the overruling of his motion in arrest of judgment was proper. Jones v. State, 291 S. W. 1105; Decherd v. State, 283 S. W. 168.

Bills·of exception numbers 5 to 8, inclusive, criticize portions of the charge. The record discloses that no written objections to the charge were presented to the court as required by Article 658 C. C. P. The questions presented are ·not subject to review. Wright v. State, 272 S. W. 787.

Bill of exception. Number 23, as qualified by the court, presents the following occurrence: Appellant filed an application for a suspended sentence and placed in issue his general reputation for being a peaceable and law-abiding citizen. One of appellant's witnesses testified on direct examination that appellant's general reputation in the respect mentioned was good. On cross examination, the witness

was asked if he had heard of defendant having transactions with a woman named Carroll relating to land and having to deed the property back to her. Further, he was asked if he had heard about defendant being indicted for swindling Roy Storm. Again he was asked if he had heard about defendant being indicted in Guadalupe County, Texas, and also as to fraudulent transactions had with one John Donely. Appellant objected to the questions generally without stating his ground of objection. The court overruled the objection. The bill recites that the witness was allowed to answer the questions but does not show what answers were made.

We quote from Townsley v. State, 281 S. W. 1054, as follows:

"A witness to the good character of accused may be asked upon cross examination whether he had heard rumors of particular and specific charges or acts of accused inconsistent with the character he was called to prove, not to establish the truth of said charges, but to test his credibility and enable the jury to weigh the evidence."

Several of appellant's bills of exception are in question and answer form, with no certificate of the judge showing the necessity for such form. Bills of exception in question and answer form are not entitled to consideration. Montez v. State, 276 S. W. 709; Robbins v. State, 272 S. W. 175; Romez v. State, 245 S. W. 914; Jetty v. State, 235 S. W. 589; Rylee v. State, 236 S. W. 744; Huey v. State, 235 S. W. 887. Where a bill of exception appears in question and answer form, in order to receive consideration the certificate of the trial judge must show the necessity for such form. Lee v. State, 274 S. W. 582.

Other bills of exception are insufficient in that the facts bearing on the question attempted to be presented are too meagerly set forth to enable this court to determine whether the matters presented constitute error. The legal presumption is that the ruling of the trial court was correct unless the bill of exception shows otherwise. Buchanan v. State, 298 S. W. 569; Branch's Annotated Penal Code, Section 207, page 132. A bill of exception should be made so full and complete in its statements as that, in and of itself, it will disclose all that is necessary to manifest the supposed error. Buchanan v. State, supra. Branch's Annotated Penal Code, Section 207, page 131.

The evidence is sufficient to support the verdict and the judgment rendered thereon.

Finding no error, the judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—There seems no question but that some one forged the names of Alex and Dicie Haley to a deed. All the evidence for the State pointed to appellant as the guilty party. The alleged forged deed purported to convey land belonging to said parties to one F. L. Peyton, Jr., which deed was filed for record in August 1924. Before same was recorded Peyton and wife had conveyed the land to appellant. The case was submitted upon a charge on circumstantial evidence. We have again reviewed the testimony as carefully as possible and are unable to agree with appellant that same is insufficient to support the verdict of the jury. Mere differences of opinion as to the handwriting of the alleged forged instrument, constitute facts for reconciliation by the jury, and when decided by them their conclusions are binding upon us.

The motion for rehearing will be overruled.

*Overruled.*