CARL TALIAFERRO V. THE STATE.

No. 21868. Delivered January 28, 1942.

The opinion states the case.

*John L. Poulter,* of Fort Worth, for appellant.

*Spurgeon E. Bell,* State's Attorney, of Austin, for the State.

GRAVES, Judge.

Appellant was tried for the murder of John Ryals, and by the jury given a penalty of twenty-five years in the penitentiary.

The facts were vigorously contested, and there were many sharp contradictions between appellant's witnesses and those of the State. Evidently the appellant's version was not accepted by the jury, and under the State's testimony the following was shown:

John Ryals, the deceased, was the proprietor of an all-night cafe and beer tavern in the town of Refugio. Judie Keith, a sister of appellant's wife, was a waitress, and worked for Ryals. On Armistice Day 1940, appellant, who worked at Corpus Christi in a grocery store, in company with his wife, came to Refugio to see Judie Keith, who had separated from and divorced her husband. Appellant, his wife and Judie had been drinking both beer and whisky, and had been rather noisy at another cafe in Refugio before the time of the trouble in question herein. In the evening around 9 or 9:30 appellant and his wife came to the cafe of the deceased, and, after ordering some beer, they engaged the deceased in conversation, which eventually turned on the subject of the disagreement of Judie, appellant's wife's sister, and her ex-husband. At such time appellant and his wife were blaming Judie for this separation and divorce, so the State's witnesses said. The deceased remarked that Judie's work in the cafe was satisfactory to him, and it was no concern of his what she did when not on duty. The argument continued until the deceased requested appellant and wife to leave the cafe, at which time some vigorous cursing was indulged in by both appellant and his wife, so the State's witnesses again said. The deceased and appellant then engaged in a scuffle which ended in their going to the floor, the deceased on top. About this time appellant's wife struck the deceased with a sugar bowl over the head. Parties then intervened and found appellant's knife sticking in the back of the deceased, and, after separating the combatants, the deceased was found to have fourteen knife wounds on his body and head, from the effect of such various wounds he died about ten days thereafter. Appellant left the cafe immediately, and was later apprehended at San Angelo soon after Mr. Ryals' death.

There are numerous bills of exceptions in the record, many of which are without merit, and will doubtless not again be present upon a further trial.

Bill No. 1 we think evidences no error. Appellant filed an application for a suspended sentence, and it is well settled that a witness to the good character of the accused may be asked upon cross-examination whether he has heard of rumors or of particular and specific charges or acts of the accused inconsistent with the character he was called to prove,—not to establlish the truth of such charges but to test the credibility of the witness and enable the jury to weigh his evidence. Thompson v. State, 136 S. W. (2d) 840; Garza v. State, 129 Tex. Cr. R. 443, 88 S. W. (2d) 113.

We think the trial court was correct in allowing the State to show the drunken condition of appellant's wife at the scene of the homicide, when she was interrogated as a witness in order to affect, if it did so, her powers of observation and recollection as to the events that happened at the time Mr. Ryals received his wounds at the hands of appellant. See Volume 29, Texas Digest on Witnesses, key 327.

Appellant's bill of exceptions No. 8, so we think, evidences an error that should cause a reversal of this cause. It appears therefrom that the State proved by the witness Joe D. Browning, formerly a justice of the peace in Nueces County, that he knew appellant, and he was then handed a complaint theretofore filed in the justice court over which the said Browning had presided, and over the objections of appellant such complaint was read to the jury, it alleging, in substance, that on or about the 19th day of February, 1940, appellant made an assault to murder one Garnett Carroll Moore in Nueces County. It further appears from such bill that four grand juries had met since the filling of said complaint, and that no further action had been had by any of such grand juries, nor had there ever been held any examining trial thereof. We think such proceedings were erroneous. Mr. Branch in his Penal Code, page 101, says:

"Where a party is charged with a felony by complaint only and sufficient time has elapsed for an indictment, and none has been presented, proof that such complaint was made against him is not admissible to impeach him. Wright v. State, 63 Tex.

Cr. R. 429, 140 S. W. 1105; King v. State, 148 S. W. 325; Williamson v. State, 167 S. W. 362."

We also quote from Bridges v. State, 99 Tex. Cr. R. 629, 271 S. W. 87:

"The proposition has often been before this court that one who has been charged in a justice court with a felony, might not be examined as to the fact of such charge, if the record showed that the grand jury had met subsequent to the arrest and making of the charge in the justice court, and had returned no bill of indictment. Bird v. State, 256 S. W. Rep. 278."

Again it is said in Newton v. State, 250 S. W. 1036:

"Appellant was asked if he had not been charged in the justice court by a complaint for arson. Objection was made to this that the matter inquired about was too remote, and that five grand juries had met and adjourned since, and no bill of indictment had been returned. The objection was well taken. The testimony should not have been admitted. It is held by this court that, when a party is charged with a felony by complaint only, and sufficient time has elapsed for an indictment, and none has been presented, proof that such complaint was made is not admissible to impeach him. King v. State, 67 Tex. Cr. R. 63, 148 S. W. 325; Wright v. State, 63 Tex. Cr. R. 429, 140 S. W. 1105; Williamson v. State, 74 Tex. Cr. R. 289, 167 S. W. 362."

For the error as disclosed by bills Nos. 5 and 8, the judgment herein is reversed and the cause remanded.