JOE VIRGES V. THE STATE.

No. 22682. Delivered December 22, 1943.
Rehearing Denied January 26, 1944.

The opinion states the case.

*Hay, Kirk & Baggett,* of Houston, for appellant.

*Spurgeon E. Bell,* State's Attorney, of Austin, for the State.

KRUEGER, Judge.

Appellant was convicted of an assault with intent to murder and his punishment was assessed at confinement in the State penitentiary for a term of seven years.

The record shows that on the night of March 1, 1943, Homer Culp and four other young people were riding in an automobile on Polk Avenue in the City of Houston when the appellant, accompanied by a girl of his race, drove by and sideswiped the automobile occupied by the five young people. They pursued appellant, who ran into a blind street. When he discovered that he was in such a street, he made a U-turn when their car ran into and collided with that of appellant, which brought them to a sudden stop. The occupants of each car got out to ascertain just what damage had been done to their respective automobiles, at which time appellant stabbed Homer Culp in the abdomen with a knife, the blade of which was approximately four and one-half inches in length. The attending physician testified that the intestines of the stabbed boy were cut in six or seven places and he did not believe that Culp would recover, but he did so.

Appellant claims to have acted in self-defense, although he saw no weapon or other object of any kind or character in the hands of Culp or any of his companions. He testified that Culp was coming towards him, which caused him to believe that he was in danger of life or serious bodily injury.

Bill of Exception No 1 shows that appellant called one Louis Daigle, who testified that appellant's general reputation as a peaceable and law-abiding citizen was good. The District Attorney, on cross-examination, inquired of him if he had not heard that in January, 1937, appellant was charged with an aggravated assault upon Edna Howard, to which he replied in the negative. He was then asked if he had not heard that in January, 1942, appellant was charged with an aggravated assault, to which the witness again replied in the negative. Appellant, in due time, objected to the questions as well as the answers thereto. We see no error reflected by the bill. This court has many times held that when a witness testifies that he knows the general reputation of an accused in the community where he resides and is best known for being a peaceable and law-abiding citizen is good, that he may be asked on cross-examination if he had not heard of specific instances of having violated the law in order to test the sincerity of the witness and the accuracy of his knowledge so that the jury may give such weight and credit to his testimony as, in their opinion, it may

594

be entitled to. See East v. State, 107 Tex. Cr. R. 460; Jones v. State, 110 Tex. Cr. R. 190; also Schroeder v. State, 154 S. W. (2d). 480; Taliaferro v. State, 158 S. W. (2d) 493.

Finding no reversible error in the record, the judgment of the trial court is affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

HAWKINS, Presiding Judge.

Appellant's motion for rehearing is predicated on the insistence that Bill of Exception No. 1 presents error. We are cited to no authorities. In addition to those cited in our original opinion on the question, we refer to the many cases listed in Branch's Ann. Tex. P. C., sec. 184, and in 44 Tex. Jur. p. 1168, sec. 161, as supporting our conclusion.

The motion for rehearing is overruled.